PRYOR & MANDELUP, L.L.P.
**Attorneys for Defendant Robert L. Pryor, Esq., Chapter 7 Trustee**
J. Logan Rappaport, Esq.
675 Old Country Road
Westbury, NY 11590
(516) 997-0999
LR@pryormandelup.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
KENNETH MOXEY

                                                                            Case No.:

                Plaintiff,

  - against -

MAAAS ENTERPRISES, LP, V-JAMA HOLDINGS, LLC,
ROBERT L. PRYOR, BANKRUPTCY TRUSTEE,
TUTHILL FINANCE LP, THE PRETENDER LENDER,
MPJM CRUSH HOLDINGS, LLC, ALAN DREZIN,
COURT APPOINTED RECEIVER OF RENTS AND
DAVID A BETRON, PROCESS SERVER, JOHN and
JANE DOE 1-25 first and last name being fictitious, ABC
CORPORATION, a fictitious corporation whose name is
currently unknown,

                Defendants.
----------------------------------------------------------------------X

## NOTICE OF REMOVAL OF CIVIL ACTION

TO:   **THE JUDGES OF THE UNTIED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF NEW YORK**

       **PLEASE TAKE NOTICE** that defendant, Robert L. Pryor, Esq. ("Trustee"), the Chapter 7 trustee of the bankruptcy estate of Kenneth Moxey and the defendant in the above-captioned civil action, by his attorneys Pryor and Mandelup, L.L.P., hereby submits his notice of removal of such action pursuant to 28 U.S.C. §§ 1334 and 1452(a), and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and respectfully represents as follows:

**The State Court Action**

1.     By Summons, dated May 7, 2013, Kenneth Moxey ("Plaintiff"), commenced an action in the Supreme Court of the State of New York, County of Kings, styled *Kenneth Moxey v.Maaas Enterprises, LP, V-Jama Holdings, LLC, Robert L. Pryor, Bankruptcy Trustee, Tuthill Finance LP, the Pretender Lender, MPJM Crush Holdings, LLC, Alan Drezin, Court Appointed Receiver of Rents, and David A. Betron, Process Server, John and Jane Doe 1-25 first and last name being fictitious, ABC Corporation, a fictitious corporation whose name is currently unknown*, Index No. 8698-13 (the "Action").

2.     In the Action, Plaintiff alleges, *inter alia*, that the Trustee and the Defendants were somehow engaged in a conspiracy regarding the alleged transfers of a certain mortgage against Plaintiff's former real property located at 245 South First Street, Brooklyn, New York 11211 (the "Brooklyn Property"), that the Judgment of Foreclosure, dated June 18, 2012, awarded to MPJM Crush Holdings, LLC ("MPJM") and against Plaintiff as to the Brooklyn Property in the sum of $957,040,00. and other orders of the Supreme Court of the State of New York, County of Kings (the "Foreclosure Court") are void, and that the Trustee improperly sold the Brooklyn Property to Maaas Enterprises, LP and V-Jama Holdings, LLC (collectively, the "Purchasers"), the assignees of the court-approved bid of MPJM, allegedly in violation of the Bankruptcy Court's Order, dated December 11, 2012 (the "Sale Order"). By virtue of these allegations, Plaintiff states claims for: (i) declaratory judgment as to the void nature of the Judgment of Foreclosure and other orders of the Foreclosure Court; (ii) various disclosure violations, right to rescind violations, right to cancel violations, deceptive grouping violations, lack of good faith estimate violations, missing consumer statement violations, violations of the Fair Debt Collections Practices Act, violations of the Real Estate Settlement Procedures Act, slander of title/petition to quiet title, fraud and misrepresentations

pursuant to New York General Obligations Law § 349, negligent supervision, common law fraud and injurious falsehood, against Tuthill Finance LP ("Tuthill") and MPJM; (iii) civil rights violations, pursuant to 42 U.S.C. § 1983, against Tuthill, MPJM, and David A. Betron ("Betron"); (iv) conspiracy to interfere with Plaintiff's civil rights, pursuant to 42 U.S.C. § 1985, against Tuthill, MPJM, Betron, and the Trustee; (v) failure to prevent civil rights violations to Plaintiff, pursuant to 42 U.S.C. § 1986, against Betron, Tuthill, MPJM, Alan Drezin ("Drezin") and the Trustee; (vi) civil RICO violations, pursuant to 18 U.S.C. §§ 1961-1965, against Tuthill, MPJM, Drezin and the Trustee; (vii) the perpetration of intentional torts against Plaintiff by Betron, Tuthill, MPJM, Drezin, and the Trustee; (viii) violation of constitutional due process rights by Betron, Tuthill, MPJM, Drezin, and the Trustee; (ix) the perpetration of a fraud by Betron, Tuthill, MPJM, Drezin, and the Trustee; (x) conspiracy as to all Defendants; (xi) intentional infliction of emotional distress as to Tuthill and MPJM; (xii) negligent infliction of emotional distress as to Tuthill and MPJM; (xiii) breach of duty as to Drezin and the Trustee; (xiv) violation of constitutional due process rights as against Betron, Tuthill, and MPJM; (xv) vicarious liability against Drezin and the Trustee; (xvi) malicious omission of a duty as to Drezin and the Trustee; and (xvii) various unspecified criminal acts Betron, Tuthill, MPJM, Drezin, and the Trustee. Plaintiff seeks damages in the amount of $2,000,000.00, attorneys' fees, costs, and the rescission of a mortgage and note.

3. The Trustee received the Summons and Complaint on Tuesday, July 2, 2013 when copies thereof were left with the receptionist at his place of business.

4. Upon information and belief, no responsive pleadings have been served as of the date hereof.

**The Debtor's Bankruptcy Case**

5. On July 12, 2012 (the "Filing Date"), Plaintiff filed a voluntary petition for relief

from his creditors under Chapter 7 of the Bankruptcy Reform Act of 1978, as amended (the "Bankruptcy Code"). As a result of Plaintiff's filing of a Chapter 7 bankruptcy petition, pursuant to 11 U.S.C. § 301, Plaintiff's Chapter 7 bankruptcy case was commenced. On July 13, 2012, the Trustee was made interim trustee of Plaintiff's bankruptcy estate (the "Estate").

6.  On August 16, 2012, the meeting of creditors was held, in accordance with Section 341(a) of the Bankruptcy Code, at which time the Trustee qualified as permanent trustee.

7.  Pursuant to Schedule "A" of Plaintiff's bankruptcy petition, Plaintiff was the sole owner of the Brooklyn Property, which he utilized as a rental property. According to Plaintiff's Schedule "A", the Brooklyn Property had a fair market value of $600,000.00 as of the Filing Date and was encumbered by two mortgages, one held by MPJM and another by Tuthill each in the amount of $378,500.00 for total mortgage debt against the Brooklyn Property in the amount of $757,000.00. Plaintiff did not dispute the validity of these mortgage debts on Schedule "D" or otherwise in his bankruptcy case. Consequently, according to Plaintiff's own bankruptcy petition, there was no equity in the Brooklyn Property.

8.  Pursuant to 11 U.S.C. § 541(a)(1), as a result of the commencement of the Plaintiff's bankruptcy case, the Estate was created, which consisted of all legal or equitable interests of Plaintiff in property as of the Filing Date, including the Brooklyn Property. Consequently, as of the Filing Date, the Brooklyn Property became the property of the Estate and no longer constituted Plaintiff's property.

9.  Although Plaintiff failed to list the action in the Foreclosure Court in his Statement of Financial Affairs, filed with his bankruptcy petition, the Trustee learned that the Brooklyn Property was actually encumbered by a single mortgage held by MPJM and that, on June 18, 2012, a Judgment of Foreclosure and Sale had been entered by the Foreclosure Court in MPJM's favor and

against Plaintiff with respect to the Brooklyn Property. Pursuant to the Judgment of Foreclosure and Sale, the amount owed was $757,811.78, plus interest at $320.82 per day from October 30, 2010. Upon information and belief, Plaintiff did not appeal the Judgment of Foreclosure and Sale.

10. As a result of the lack of equity in the Brooklyn Property, the Trustee engaged in negotiations with MPJM in order to create a carve-out from its first mortgage against the Brooklyn so as to bring money into the Estate for the purpose of a distribution to Plaintiff's unsecured creditors. Ultimately, the Trustee, by his counsel, and MPJM entered into a stipulation (the "Stipulation"), dated as of October 31, 2012, by which MPJM offered to pay $600,000.00 to purchase the Estate's right, title, and interest in and to the Brooklyn Property and $25,000.00 for the amounts held by the Foreclosure Court-appointed Receiver of Rents, for a total offer of $625,000.00 (the "Stalking Horse Offer"). MPJM paid to the Trustee a deposit in the amount of $10,000.00.

11. Furthermore, according to the terms of the Stipulation, pursuant to 11 U.S.C. § 363(k), MPJM was authorized to credit bid up to the outstanding amount of its mortgage against the Brooklyn Property, which as of the Filing Date totaled approximately $957,040.00.

12. The Stipulation also provided that the Estate would retain, as a carve-out from the proceeds of MPJM's first mortgage, $44,000.00 for the payment of (i) reduced commissions of the Trustee in th amount of $16,000.00, (ii) legal fees of the Trustee's counsel not to exceed $10,000 and reimbursement of counsel's costs and disbursements, and (iii) $18,000.00 for the benefit of the Estate's unsecured creditors.

13. The Stalking Horse Offer was also subject to higher and better offers and stated that an evidentiary hearing *may* be required in the event a competing offer was received by the Trustee.

14. On or about November 16, 2012, the Trustee, by his counsel, filed a motion, by Notice of Presentment consistent with the Procedures of the Honorable Alan S. Trust, United States

Bankruptcy Judge for the Eastern District of New York, to approve the Stipulation and seek higher or better offers (the "Sale Motion"). The Sale Motion, along with all exhibits, was served upon Plaintiff, Plaintiff's attorneys, The Law Office of Asher B. White, MPJM, through their counsel, and the Office of the United States Trustee. All other creditors and parties-in-interest as to the Estate were filed with only a Notice of Presentment, which, among other things, noted how higher and better offers or objections could be filed. The Notice of Presentment also noted that if an objection or higher or better offer was filed, then the Court would schedule a hearing on the Sale Motion.

15. Plaintiff did not object to the Sale Motion despite having been served with same. No other objections or higher and better offers were filed or otherwise received. As such, by Order dated December 11, 2012 (the "Sale Order"), the Bankruptcy Court approved the Sale Motion and the Stipulation by and between the Trustee and MPJM.

16. Plaintiff did not appeal the Sale Order.

17. At a closing held on January 9, 2013, prior to the issuance of the deed, MPJM executed an Assignment of Bid (the "Assignment of Bid"), whereby it assigned all of its right, title, and interest in and to the Stipulation to the Purchasers. Nothing in the Sale Order prevented MPJM to assign its rights under the Stipulation to third-parties. At the closing, upon the Trustee receiving all funds to be paid under the Sale Order, the Trustee issued a Trustee's Deed conveying the Brooklyn Property to the Purchasers.

18. Despite his failure to object to the Sale Motion or appeal the Sale Order, Plaintiff commenced the Action in the Supreme Court of the State of New York, County of Kings. Plaintiff failed to seek authorization from the Bankruptcy Court prior to commencing the Action against the Trustee in violation of the holding in <u>Barton v. Barbour</u>, 104 U.S. 126, 26 L.Ed. 672 (1881), and its progeny.

**Grounds for Removal of the Action**

19. Plaintiff and the Trustee are each a "party" to the Action within the meaning of 28 U.S.C. § 1452(a).

20. Many of Plaintiff's claims in the Action amount to an improper collateral attack upon the Bankruptcy Court's Sale Order and attempt to modify or vacate same despite Plaintiff's failure to file a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure, as rendered applicable to the bankruptcy proceeding by operation of Bankruptcy Rule 9024. Moreover, the claims concern the sale of the Brooklyn Property, which was property of the bankruptcy Estate. Pursuant to 28 U.S.C. § 157(B)(2)(A) and (N), matters concerning the administration of the Estate and orders approving the sale of property are considered core proceedings. Thus, the litigation as to Plaintiff and the Estate's respective rights, or lack thereof, in the Brooklyn Property and the liquidation of same by the Trustee pursuant to the Bankruptcy Court's Sale Order amounts to a "core proceeding".

21. Even if the proceeding is determined to be "non-core", it is nevertheless a "related to" proceeding, because Plaintiff's claims against the Trustee and as to the Brooklyn Property have a "significant connection" with Plaintiff's bankruptcy. See In re Turner, 724 F.2d 338. 341 (2d Cir. 1983).

22. Therefore, the Action is a civil action subject to the jurisdiction of this Court under the provisions of 28 U.S.C. § 1334(b), and may be removed to this Court pursuant to 28 U.S.C. § 1452(a). Additionally, this Action may be transferred to the United States District Court for the Eastern District of New York, and then referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a).

23. Certain matters addressed in the Action are core matters pursuant to 28 U.S.C. § 157(a)(2)(A), (N), and (O). To the extent that the matters addressed are non-core, "related to"

matters, the Trustee consents to entry of final orders or judgments by the Bankruptcy Court.

  24. Copies of all documents filed in the action are annexed hereto as **Exhibit "A"**.

Dated: Westbury, New York
   July 12, 2013         PRYOR & MANDELUP, L.L.P.
                 Attorneys for Robert L. Pryor, Esq.,
                 Chapter 7 Trustee

              By:  ***/s/ J. Logan Rappaport***
                 J. Logan Rappaport
                 675 Old Country Road
                 Westbury, New York 11590-4513
                 (516) 997-0999
                 LR@pryormandelup.com

TO: KENNETH MOXEY
   Plaintiff *pro se*
   923 Custer Street
   Valley Stream, NY 11580

   MAAAS ENTERPRISES LP
   Defendant
   8 Douglas Drive
   Holmdel, NJ 07733


   V-JAMA HOLDINGS LLC
   Defendant
   224 93rd Street
   Brooklyn, NY 11209

   TUTHILL FINANCING
   Defendant
   60 Katona Drive
   Fairfield, CT 06824

   MPJM CRUSH HOLDINGS LLC
   Defendant
   2152 59th Street
   Brooklyn, NY 11204

   ALAN DREZIN

Defendant
26 Court Street, Suite 810
Brooklyn, NY 11201

DAVID BETRON
Defendant
531 Redwood Drive
Cedarhurst, NY 11516